RONALD RENTFROW, Plaintiff-Appellant, v. THE POLICE PENSION FUND OF THE CITY OF EFFINGHAM, *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0602

Opinion filed June 7, 1988.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

James J. Eder, of Taylor, Wolff, Burkey & Eder, P.C., of Effingham, for appellees.

JUSTICE CALVO delivered the opinion of the court:

Plaintiff, Ronald Rentfrow, appeals from a decision entered on administrative review which affirmed the decision of defendants, the Police Pension Board of the City of Effingham and its trustees, to grant plaintiff a not-on-duty disability pension rather than a line-of-duty disability pension. The facts are as follows.

In February 1986, while on vacation in Florida with his family, plaintiff, the chief of police for the City of Effingham, was arrested along with his son and brother-in-law for passing counterfeit money. Although plaintiff was never charged with this offense, the incident triggered a criminal investigation of the Effingham Police Department by the United States Secret Service.

On March 6, 1986, at the request of the Secret Service, the mayor of Effingham directed plaintiff to submit to a Secret Service inter-

view. Plaintiff refused this directive, so the mayor suspended him from the police force with pay until the investigation was completed.

On May 1, 1986, the mayor informed plaintiff that although he would not be reappointed police chief for the ensuing year, he would be permitted to remain with the police department as a sergeant, which was the highest rank he had attained with the department prior to becoming police chief. Instead of returning to work, plaintiff used the remainder of his sick leave and vacation time, then submitted an application for disability pension benefits based upon a mental disability.

On September 15, 1986, a hearing was held before the defendants. At this hearing plaintiff argued that he was entitled to a line-of-duty disability pension because the mayor's act of ordering him, as police chief, to submit to a Secret Service interview violated his personal constitutional right against self-incrimination, which in turn caused his mental disability. After hearing evidence, the defendants concluded that while plaintiff was mentally disabled, he was not entitled to a line-of-duty disability pension because the disability was not the "result of sickness, accident or injury incurred in or resulting from the performance of an act of duty." (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.1.) Accordingly, plaintiff was awarded a not-on-duty disability pension based upon his salary as police chief. (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.2.) Plaintiff appealed this ruling to the circuit court, which affirmed the defendants' decision. Plaintiff appeals, alleging the same issue he alleged before.

■■ ■ A line-of-duty pension may be awarded only where the officer is acting in the capacity of a police officer at the time he performs the task which caused the disability. (*Johnson v. Retirement Board* (1986), 114 Ill. 2d 518, 522, 502 N.E.2d 718, 720; see also *Olson v. City of Wheaton Police Pension Board* (1987), 153 Ill. App. 3d 595, 599, 505 N.E.2d 1387, 1389-90.) While we agree that plaintiff would not have been subject to the mayor's directive had he not been a police officer, he requests line-of-duty pension benefits based upon an act (*i.e.*, refusal to comply with the directive) he performed to protect his personal constitutional rights. Thus, he was by definition not acting in the capacity of a police officer when he refused to obey the directive. Accordingly, plaintiff is not entitled to a line-of-duty pension.

The judgment of the circuit court is affirmed.

Affirmed.

HARRISON, P.J., and LEWIS, J., concur.